IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES W. WHIPPLE ,

     Plaintiff,

v.

STATE PATROL AND
WISCONSIN MOTOR VEHICLE,

     Defendant.

OPINION and ORDER

Case No.  15-cv-557-wmc

---

*Pro se* plaintiff Charles W. Whipple has filed a proposed civil complaint that is mostly unintelligible, both because of his handwriting and because it contains almost no words. Because Whipple is proceeding without prepayment of the filing fee, the court is required to screen the complaint under 28 U.S.C. § 1915 to determine whether he may proceed with the case. Because he is a *pro se* litigant, Whipple is held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a relaxed pleading standard, however, Whipple may not proceed with his lawsuit.

It is impossible to determine what Whipple is seeking to accomplish with his lawsuit. It appears that he has named the "State Patrol" and "Wisconsin Motor Vehicle" as defendants. The court can also make out the words "Janesville" and "pickup." Beyond these few words, however, the court cannot decipher what facts form the basis of Whipple's lawsuit or what legal claims he may be asserting.

Whipple's complaint violates Rule 8 of the Federal Rules of Civil Procedure. Under that Rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds

1

upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Here, Whipple fails to include *any* facts showing that he is entitled to relief.

Moreover, the deficiencies in Whipple's complaint make it impossible for the court to determine whether it has subject matter jurisdiction over this case. Federal courts like this one generally have authority to hear two types of cases: (1) cases in which a plaintiff alleges a violation of his rights under the Constitution or federal law, *see* 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges that a citizen of another state violated his or her rights established under state law and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Because Whipple's complaint contains almost no allegations, it is impossible to determine whether the court has subject matter jurisdiction under § 1331 or § 1332.

Whipple may not proceed with his case unless he files an amended complaint that fixes these problems. If he chooses to file an amended complaint, he should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Whipple cannot proceed with his case unless his complaint can be read and understood. If he cannot write legibly, he should find someone who can help him. After he finishes drafting his complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

If Whipple does not provide an amended complaint that fixes the problems identified in this order by the date set forth below, the court will dismissed the complaint and close this case. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of

2

organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."

ORDER

IT IS ORDERED that plaintiff Charles Whipple may have until October 28, 2015 to file an amended complaint that establishes this court's subject matter jurisdiction and complies with Federal Rule of Civil Procedure 8 as described in this order. **If plaintiff fails to respond by that date, the clerk of court is directed to close this case.**

Entered this 12th day of October 2015.

BY THE COURT:

WILLIAM M. CONLEY
District Judge